```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Richard Butler, ) | C/A No. 8:17-2927-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Richard Butler ("Plaintiff"), proceeding pro se, brings this civil action alleging violations of the United States Constitution and South Carolina State Constitution. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges the following facts. Plaintiff was issued tickets on July 23, 2017, by Officer B.J. Bolt for (1) failure to stop for blue light, (2) driving under the influence, 1st offense, (3) driving under suspended license, 3rd offense, and (4) seat belt violation. [Doc. 1.] Plaintiff attached copies of the four tickets as exhibits to his Complaint. [Doc. 1-2.] Plaintiff contends that the statutes pursuant to which the tickets were issued are "ex por [sic] facto" laws, which violate the United States Constitution and South Carolina State Constitution. [Doc. 1.] Plaintiff also contends that the charges and procedures against him violate his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution. [*Id.*]

In support, Plaintiff alleges that Defendant and its agents lack the authority to issue traffic tickets because they do not have any fiduciary relationship with Plaintiff. [Doc. 1.]

Plaintiff alleges that there is no "Proof of Claim" or "IRS FORM 4490" pursuant to tax law creating a fiduciary relationship between Defendant and Plaintiff that would grant Defendant any authority to issue such tickets. [*Id.*] As a result, Plaintiff contends, the tickets issued by Officer Bolt constitute a violation of due process by the government. [*Id.*] For his relief, Plaintiff asks that the Court issue an order declaring that the tickets violate due process and awarding Plaintiff $9,051.00. [*Id.*]

This Court takes judicial notice from the Saluda County online court records that Plaintiff was arrested on July 23, 2017, for the charges listed above, and that the charges remain pending against Plaintiff in the state court. *See* Saluda County Eleventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Saluda/PublicIndex/PISearch.aspx (enter Plaintiff's name, and 6102P0346504, 6102P0346505, 6102P0346506, 6102P0346507) (last visited Nov. 13, 2017); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The state records indicate Plaintiff was released on bond with regard to the pending charges. *Id.* Further, according to the state records, Plaintiff was indicted (Indictment No. 2017GS4101376) on July 25, 2017, as to case number 610P0346505. *Id.*

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[*]

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

---

[*]The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, et al., is not applied to this action because, at the time he filed the action, Plaintiff was not detained in a facility. *See Branham v. Bryant*, C/A No. 1:11-1246-JFA, 2013 WL 1194843 (D.S.C. March 22, 2013) (discussing the status of being on bond); *see also Cofield v. Bowser*, 247 F. App'x 413 (4th Cir. 2007).

3

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person." A state is not a "person" amenable to suit under § 1983. *See Will v. Michigan State Police*, 491 U.S. 58 (1989); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990); *Drake v. Ham*, No. 3:06-1611-MJP-JRM, 2007 WL 2580629, at *5 (D.S.C. Aug. 16, 2007). Therefore, because the State of South Carolina is not a person under § 1983, the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

Even if Plaintiff had sued a person, for example Officer Bolt, this action still would be subject to dismissal based on the *Younger* abstention doctrine. Here, Plaintiff asks this Court to interfere with or enjoin the pending state criminal prosecution against him. However, because a federal court may not award injunctive relief that would affect pending

state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

This Court finds that Plaintiff can raise his federal constitutional rights of due process in the state proceedings. Thus, this Court should abstain from hearing this action that seeks a dismissal of the state charges against Plaintiff.

Lastly, putting aside the issues already discussed, it is equally clear that Plaintiff's Complaint is substantively without merit. Although Plaintiff has not specifically identified himself as a "sovereign citizen," his Complaint bears all of the hallmarks of the "sovereign citizen" theory. For example, Plaintiff brings this action as the "owner of the vessel RICHARD BUTLER." [Doc. 1.] Further, Plaintiff alleges that the State of South Carolina and its agents (presumably the arresting officer, B.J. Bolt), lack the authority to issue traffic tickets to Plaintiff because they have failed to secure a "fiduciary relationship" with Plaintiff pursuant to governing tax law. [*Id.*]

As such, Plaintiff's allegations are couched in terms of the "sovereign citizen" argument, which "has been rejected repeatedly by the courts." *Smith v. United States*, No. 1:12-cv-00900, 2013 WL 5464723, at *1 (S.D.W. Va. Sept. 30, 2013) (quoting *Nunn v. United States*, No. 3:13-cv-12-MHT, 2013 WL 1099321, *2 (M.D. Ala. Feb. 27, 2013)). Adherents to the "sovereign citizen" theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fd. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (Mar. 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features), *Report and Recommendation adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013).

Federal courts have repeatedly rejected the "sovereign citizen" theory as baseless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an

individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (defendant claimed he was "outside" the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion"); *Glover v. South Carolina*, No. 5:16-CV-00969-JMC, 2017 WL 1836982, at *1 (D.S.C. May 8, 2017), *appeal dismissed sub nom.*, No. 17-6846, 2017 WL 5197454 (4th Cir. Nov. 8, 2017); *United States v. Chatman*, No. 2016-CP-45-00232, 2017 WL 3704832, at *1 (D.S.C. July 28, 2017), *Report and Recommendation adopted by* No. 4:17-CV-01556-RBH, 2017 WL 3676587 (D.S.C. Aug. 25, 2017).

In light of these cases and the allegations presented, Plaintiff's Complaint fails to state a claim for relief, and is therefore subject to summary dismissal. *See Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (dismissing complaint by sovereign citizen finding the complaint was "so 'patently insubstantial' that it may properly be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S.

319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                                     S/Jacquelyn D. Austin
                                                                     United States Magistrate Judge

November 14, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).